UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELVIN D. SPELLS, ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:10-cv-0586-SEB-MJD |
| ) | IP-06-cr-75-B/F-1 |
| UNITED STATES OF AMERICA. ) | |

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Melvin Spells ("Spells") for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the court finds that a certificate of appealability should not issue**.**

**I. The ' 2255 Motion**

*Background*

On May 9, 2006, Spells was indicted on one count of robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a)(count 1), one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count 2), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (count 3), all stemming from a robbery of a Papa John's pizza restaurant. Spells pled not guilty and proceeded to trial. On September 26, 2006, a jury found him guilty on all three counts.

A sentencing hearing was conducted on January 17, 2007. The court determined that Spells had a sentencing guidelines total offense level of 34 and a criminal history category of VI, which resulted in a guidelines imprisonment range of 262 to 327 months (to be consecutive to the mandatory sentence of 84 months required for count 2). Spells was sentenced to concurrent terms

of 262 months of imprisonment on counts 1 and 3, and to a consecutive term of imprisonment of 84 months on count 2, for a total of 346 months, followed by a term of five years of supervised release. On direct appeal, the Seventh Circuit affirmed the convictions but ordered a limited remand for this court to clarify the 262 month concurrent terms on counts 1 and 3 in light of the statutory maximum of 240 months on count 1. *United States v. Spells,* 537 F.3d 743 (7th Cir. 2008). On remand, the court clarified its sentence by imposing a term of imprisonment of 240 months on count 1 and a term of 262 months on count 3, to be served concurrent to each other but consecutive to the re-entered term of imprisonment of 84 months on count 2, again for a total of 346 months. The Second Amended Judgment was entered on December 2, 2008. The Seventh Circuit issued its mandate affirming the judgment on January 12, 2010. The Supreme Court denied Spells's petition for writ of *certiorari* on May 18, 2009. *Spells v. U.S.*, 129 S.Ct. 2379 (U.S. May 18, 2009).

Spells placed his § 2255 motion in the prison mail system on May 7, 2010, and it was filed on May 10, 2010. He filed supplements to his § 2255 motion on January 7, 2011, January 20, 2011, February 10, 2011, and April 13, 2012. The government has responded to all of his claims.

## *Discussion*

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 is limited to "an error of law that is

jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal quotation omitted).

In his § 2255 motion, Spells asserts the following claims of ineffective assistance of counsel at trial: 1) failing to file a notice of alibi with records counsel obtained relating to Spells's telephone; 2) failing to subpoena a video tape; 3) failing to effectively cross-examine government witness Larry Jenkins; and 4) failing to advise Spells correctly with respect to his sentencing guidelines criminal history category. Spells also argues that counsel was ineffective at sentencing when she allowed Spells to be sentenced as an armed career criminal. He also brings a claim under the "except" clause of 18 U.S.C. § 924(c)(1)(A) and a claim under the Sentencing Guidelines.

*Ineffective Assistance of Counsel*

The right to the effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Spells to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

With respect to the first prong, "'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "'eliminate the distorting effects of hindsight.'" *Id.* at 523 (quoting *Strickland*, 466 U.S. at 689).

With respect to the prejudice requirement, the petitioner must show that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693.

*Alibi Notice and Phone Records*

Spell's first claim of ineffective assistance of counsel is that trial counsel was ineffective because she failed to file a notice of alibi and submit phone records showing that Spells was on the phone when the robbery took place. Spells argues that because his cell phone was in use at the time the robbery occurred, he could not have committed the robbery. This claim warrants little discussion. Even if his cell phone were in use at the approximate time of the robbery, that fact would have virtually no bearing on whether he committed the armed robbery. He could have been talking to someone while he was in the pizza place. He could have placed a caller on hold. Someone else could have been using his phone. The use of his phone at that particular time certainly does not constitute an alibi. Spells cannot show that if counsel had presented evidence of his phone records there would be a reasonable probability that the jury would have found him not guilty. Thus, Spells has not established ineffective assistance of counsel in this regard.

*Video Tape Evidence*

Spells next contends that he took a friend to the Charter One Bank (the location of which is not specified) minutes before the robbery and that the bank cameras could possibly have provided a better view of the robber than the Papa John's surveillance cameras. He alleges that his counsel was ineffective for failing to subpoena the bank surveillance camera tapes. Spells's theory here is unclear. He does not allege that a videotape from the bank ever existed or that his image or the robber's image was, in fact, captured at a relevant time. Contrary to Spells's suggestion, the bank

surveillance cameras could not possibly have better video images of the robber than those taken within the Papa John's store, regardless of the quality of the Papa John's video. This claim of ineffective assistance of counsel is entirely speculative and falls far below the *Strickland* standard of showing a reasonable probability of a different outcome.

*Failure to Ask Government Witness a Particular Question*

Spells argues the trial counsel erred when on cross-examination she did not ask Larry Jenkins, a Papa John's employee and witness, whether Jenkins could identify any scars, tattoos, or gold teeth on Spells. On direct appeal, Spells challenged the sufficiency of the evidence. *Spells,* 537 F.3d at 746-47. He argued that Mr. Jenkins made no mention of Spells's six permanent gold teeth during his initial report of the robbery or at trial, and that this undermined his eye-witness identification of Spells. *Id.* at 747.

An October 6, 2006, letter from trial counsel explains that it was her strategy to argue to the jury that Jenkins's description was erroneous because he did not mention Spells's gold teeth. Counsel did not know how Jenkins would answer a question about the gold teeth, so it was best for counsel not to ask the question. "So long as an attorney articulates a strategic reason for a decision that was sound at the time it was made, the decision generally cannot support a claim of ineffective assistance of counsel." *Yu Tian Li v. United States,* 648 F.3d 524, 528 (7th Cir. 2011). Here, Spells has not overcome the presumption that the challenged action could be considered sound trial strategy. *Id.*

In addition, whether this claim is raised in the context of insufficient evidence on direct appeal or as ineffective assistance of counsel in this § 2255 motion, the result is the same. Spells faced a "nearly insurmountable hurdle …." *Spells,* 537 F.3d at 746. Jenkins's testimony was not the only evidence that the jury considered. There was another eye-witness who identified Spells.

*Id.* at 747. Evidence of the crime (gun and cash) was found in Spells's van minutes after the robbery. *Id.* Whether or not counsel asked Jenkins about Spells's gold teeth, such testimony would not have tipped the scale against the weight of the rest of the evidence in any significant way. Spells has failed to make a showing of prejudice, and his claim of ineffective assistance is without merit.

*Failure to Give Accurate Advice Concerning Criminal History Category*

Spells asserts that trial counsel wrongfully advised him concerning how at sentencing his two prior robbery convictions would be counted as two separate crimes, qualifying him as an armed career criminal. Two of Spells's three prior offenses deemed to be violent felonies were robberies, one of which occurred on March 26, 2001, and the other on April 10, 2001. Spells has pointed to no inaccurate advice given to him by counsel with respect to how his convictions would be counted. Moreover, Spells's understanding that he needed to have three prior felony convictions of crimes of violence to be a career criminal is misplaced. *See* U.S.S.G. § 4B1.1 (defendant must have at least two prior felony convictions of a crime of violence). Having shown no prejudice, this claim of ineffective assistance of counsel is also unavailing.

*Ineffective Assistance at Sentencing*

Spells next contends that his counsel erred at sentencing because she allowed him to be sentenced as an armed career criminal. He also asserts that Amendment 12, effective November 1, 2007, invalidated his career criminal sentence because under that Amendment, his two prior robbery offenses should have been counted as one because they were included in the same charging instrument for which he was sentenced on the same day.[1] On direct appeal, Spells argued

---

[1] The court is unaware of any Amendment 12 made effective November 1, 2007, but from Spells's description, the court assumes Spells is invoking Amendment 709, which required prior related sentences to be counted separately unless they were imposed on the same day. *See United States v. Alexander,* 553 F.3d 591, 592 (7th Cir. 2009).

that the sentencing court improperly found him to be a career criminal because his two prior robbery convictions were related and should have only been counted as a single prior conviction. *Spells,* 537 F.3d at 753. The Seventh Circuit held that "even if Spells's two robbery convictions were 'related,' and thus counted as a single 'crime of violence,' Spells would still have the two prior felony convictions needed to be found a 'career offender.'" *Id.* at 754. Spells now attempts to bring the same claim in the context of ineffective assistance of counsel, but, because there was no error in the career offender determination in the first place, Spells cannot show that his counsel's performance was objectively deficient. *See Strickland,* 466 U.S. at 688; *United States v. Berg*, 714 F.3d 490, *3 (7th Cir. 2013) (where there was no error, an ineffective assistance claim cannot be made).

In sum, Spells has failed to show either deficient performance or prejudice in his attorney's representation. *See United States v. Gonzalez-Lopez,* 548 U.S. 140, 147 (2006) ("The requirement that a defendant show prejudice in effective representation cases arises from the very nature of the specific element of the right to counsel at issue thereB*effective* (not mistake-free) representation."). His attorney was constitutionally sufficient throughout all proceedings.

*Claim Regarding the "Except" Clause of 18 U.S.C. § 924(c)(1)(A)*

In his supplemental claim asserted in January of 2011 (docket items 16 and 18), Spells argues that he has been illegally sentenced to an extra 84 months. This claim is purportedly brought under the "except" clause of 18 U.S.C. § 924(c)(1)(A) which provides as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--

> (i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

Spells cites to three cases in support of his claim that his sentence violates the "except" clause: *U.S. v. Williams,* 558 F.3d 166, 169 (2d Cir. 2009) (holding that "the 'except' clause of Section 924(c) means what it literally says—that the minimum sentences it requires do not apply where a greater minimum sentence is otherwise provided by ... any other provision of law," including the Armed Career Criminal Act); *U.S. v Almany*, 598 F.3d 238 (6th Cir. 2010) (the "except" clause of the firearm statute exempts a criminal defendant from the mandatory minimum if the defendant is subject to another, greater mandatory minimum sentence); and *U.S. v. Huckabee*, 380 Fed.Appx. 101 (2d Cir. 2010) (same). The problem Spells faces, however, is that those decisions are no longer good law. Each was vacated by the Supreme Court and remanded for further consideration in light of *Abbott v. United States,* 131 S.Ct. 18 (2010).

*Abbott* held that the "except" clause of § 924(c)(1)(A) "only applies when the minimum sentence 'otherwise provided' is 'for the [§ 924(c)] offense in question.'" *U.S. v. Hudson,* 627 F.3d 309, 312 (7th Cir. 2010) (quoting *Abbott,* 131 S.Ct. at 31). "The 'except' clause serves as a 'no-stacking instruction for cases in which § 924(c) and a different statute both punish conduct offending § 924(c).'" *Id.* (quoting *Abbott,* 131 S.Ct. at 31). The *Hudson* decision further explains that the Supreme Court "noted that this reading gave effect to the provision's language requiring that all § 924(c) offenders receive an extra punishment for using guns in crimes of violence or drug trafficking." *Id.* Simply put, Spells's argument is foreclosed by *Abbott* and the 84 month consecutive sentence was not unlawfully imposed.

*Sentencing Guidelines Claim*

Spells's final claim was asserted in his supplement filed on April 13, 2012. Spells argues that the sentencing court "misapplied U.S.S.G. § 4B1.1(c) when calculating Spells's guidelines range by adding the consecutive sentence required for violating 18 U.S.C. § 924(c) to the career offender guidelines range that included the sentence for violating § 924(c)."

Generally speaking, deviations from the Sentencing Guidelines are not cognizable claims under § 2255. *See Welch v. United States*, 604 F.3d 408 412 (7th Cir. 2010) ("we have held that deviations from the Sentencing Guidelines generally are not cognizable on a § 2255 motion."). An error must be jurisdictional or constitutional to be cognizable on collateral review, unless it presents "exceptional circumstances" consisting of "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). No such exceptional circumstances are presented here. Moreover, Spells could have brought this claim on direct appeal but did not. Claims are procedurally defaulted and "cannot be raised for the first time in a § 2255 motion if they could have been raised at trial or on direct appeal …." *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009). Spells cannot avoid the procedural bar because he has not shown good cause for failing to raise the issue on appeal and actual prejudice. *See Fuller v. United States,* 398 F.3d 644, 648 (7th Cir. 2005) (a claim cannot be raised for first time under § 2255 unless petitioner demonstrates good cause for failing to raise it on direct appeal and actual prejudice). To the extent the Court of Appeals considered Spells's sentence in a different context, it noted that "[t]he Guidelines recommended a sentence of 262-327 months on Counts 1 and 3, plus an 84 month consecutive sentence for Count 2." *Spells,* 537 F.3d at 754. There was no error.

*Evidentiary Hearing*

Spells requests that the Court set an evidentiary hearing. The Seventh Circuit has held that "[i]t is the rule of this [c]ourt that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Galbraith v. United States,* 313 F.3d 1001, 1009 (7th Cir. 2002)(internal quotation omitted). "There is no requirement that the district court grant an evidentiary hearing for every § 2255 petition alleging factual improprieties." *Id.* An evidentiary hearing is "not required when the files and records of the case conclusively show that the prisoner is entitled to no relief." *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). Spells has not shown that an evidentiary hearing is required in this case, and his request for such hearing **denied.**

*Conclusion*

For the reasons explained above, Spells is not entitled to relief pursuant to 28 U.S.C. ' 2255. His § 2255 motion is **denied.** Judgment consistent with this Entry shall now issue.

**This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:06-cr-075-B/F-1.**

Date: 06/07/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Spells has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**


Date:  _____


Distribution:

Melvin D. Spells
Reg. No. 08125-028
U.S. Coleman
Inmate Mail/Parcels
P.O. Box 1033
Coleman, FL   33521

Gerald A. Coraz
gerald.coraz@usdoj.gov